# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| CYNTHIA WALKER, KORTESHA MCCOY, PINKIE COLEMAN, SHAPERRIA CURRY, PATRICK FORD, TIFFANY TAYLOR, SHALEKA GROSS, CHRISTINA PRICE, PATRICIA MOBLEY, MARGARET HALE, and CHASITY MARR, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br>v.<br><br>DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC, and DOLGENCORP OF TEXAS, INC.<br><br>      Defendants. | Civil Action No. 4:10-cv-0119-WAP-DAS |

## DEFENDANT DOLGENCORP, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY

Defendant Dolgencorp, LLC[1] files this Memorandum in Opposition to Plaintiff's Motion for Limited Discovery, and would respectfully show the Court as follows.

---

[1] Defendants Dollar General Corporation and Dolgencorp of Texas, Inc. have not answered and will move for dismissal based on other jurisdictional and/or alternative grounds, within the time agreed upon by the parties. To the extent that the Court determines that Dollar General Corporation and Dolgencorp of Texas, Inc. are proper parties to this lawsuit, they adopt the response set forth herein.

**DEFENDANT DOLGENCORP, LLC'S MEMORANDUM**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY** – PAGE 1

## FACTS AND PROCEDURAL HISTORY

1. Plaintiffs' Counsel first asserted FLSA collective action claims on June 16, 2010 in a case styled as *Shaleka Gross, et al v. Dollar General Corporation*, No. 3:10-cv-0340 ("*Gross*") in the Southern District of Mississippi.

2. In August 2010, Plaintiffs' Counsel purchased advertisements in the *Delta Times Democrat*, seeking additional plaintiffs to join the litigation.

3. In September 2010, Plaintiffs voluntarily dismissed the *Gross* case and re-filed here the action as styled above, with several new plaintiffs apparently solicited by way of the advertisement(s) in the *Delta Times Democrat* and in an apparent effort to forum shop.[2]

4. On December 21, 2010, Plaintiffs filed a motion for "limited" class discovery seeking the "names and home addresses of all lead sales associates and clerks that have been employed by Defendants in the past three years." The stated purpose of this discovery is to "determine if other potential class members would be interested in joining the litigation."

5. Although Plaintiffs would lead the Court to believe that this request is merely perfunctory and "limited," it is anything but so. As is further explained below, this request should be denied.

## ARGUMENT AND AUTHORITY

I. **PLAINTIFFS' REQUEST FOR DISCOVERY IS PREMATURE AND THEIR MOTION TO COMPEL NAMES AND ADDRESSES IS UNRIPE**

Plaintiffs' request for a full "class roster" is grossly premature. Although the FLSA contemplates court-authorized notice to class members, it only does so <u>after</u> conditional certification of a collective action class by the District Court. *See Hoffmann-La Roche, Inc. v.*

---

[2] In light of Defendant's pending Motion to Transfer Venue, determination of discovery motions should be ruled upon after that motion is decided.

**DEFENDANT DOLGENCORP, LLC'S MEMORANDUM**
<u>**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**</u> **– PAGE 1**

*Sperling*, 493 U.S. 165, 170 (1989). Plaintiffs seek to skip the conditional certification stage altogether and bypass the court's authority for regulating communication with potential class members. In short, they wish to disregard the procedural safeguards and notify everyone right now, in the form and manner of their choosing.

Not only are Plaintiffs seeking to avoid the substantive certification and notice provisions of the FLSA, they also ignore the basic requirements of Rule 37 of the Federal Rules of Civil Procedure. Although Plaintiffs seek, in essence, an order compelling Defendant to produce these names and addresses, Plaintiffs have not propounded any interrogatories or requests for production, as is necessarily required by Rule 37(a)(3)(B). It follows that Defendant has not failed to "answer or respond" to such a request, and thus there is no basis for the Court to compel such an answer or response at this time. The issue is unripe. Furthermore, Plaintiffs have not met the prerequisites of Rule 37(a)(1), which requires that they include a certification that they have in good faith conferred with Defendant prior to their filing of a motion to compel. Plaintiffs have made no effort to discuss these discovery issues with Defendant.

Finally, there has been no Rule 16(b) case management conference with the Court and there has been no Rule 26(f) discovery planning conference among the parties. Either of these events would satisfy the necessary prerequisites for discovery to commence under Rule 26(d), but Plaintiffs have <u>not</u> moved for a case management or discovery conference; instead, they have simply filed a request to conduct massive discovery and moved to compel it before Defendants have even been given the opportunity to answer discovery, respond or confer.

II. **PRODUCTION OF ALL NAMES AND ADDRESSES IS FAR MORE INTRUSIVE AND DISRUPTIVE THAN THE LESS-BURDENSOME ALTERNATIVES**

In addition to being premature, the request constitutes an undue burden on Defendant and there exists far less burdensome means for Plaintiffs to achieve their objectives—as is perhaps

**DEFENDANT DOLGENCORP, LLC'S MEMORANDUM**
<u>**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**</u> – PAGE 2

best illustrated by their advertisement in the *Delta Times Democrat*.³ Plaintiffs have demonstrated that ample means exist for them to advertise the existence of this lawsuit and their motivation to utilize such means. However, in the six months since the original filing of this complaint—and despite their efforts to find more –Plaintiffs and their lawyers have gathered only 11 individuals to join this suit, one of whom has been voluntarily dismissed. That their efforts apparently did not yield their desired result (namely, a multitude of plaintiffs to join this suit) further supports Defendant's resistance to the subject motion (not to mention the denial of the nationwide class that Plaintiffs seek).

Dollar General's workforce totals approximately 80,000 employees, the vast majority of which fall within the lead sales associate and clerk/sales associate job title. This huge number of individuals does not even include the former employees encompassed by Plaintiffs' motion. Each of the 9,000+ Dollar General stores typically employs only one Store Manager and one Assistant Store Manager—the remaining employees are all "lead sales associates and clerks." Given the rate of turnover among lead sales associates and "clerks"⁴ and the 3+ year period for which Plaintiffs seek information, the total number of lead sales associates and clerks at issue is estimated to exceed 325,000 individuals scattered across the nation.⁵

Permitting the sort of discovery sought by plaintiffs whenever class/collective allegations are raised would be unduly disruptive to an employer's business and is not contemplated (perhaps even authorized) by the FLSA. Although Plaintiffs may be entitled to some discovery, their stated purpose for this request virtually flies in the face of their Rule 11 obligation not to

---

³ The *Delta Times Democrat* advertisement is the only one that Defendant is aware of, but Defendant does not assert that this was the only advertisement, as there may have been others of which it is not aware.
⁴ Defendant assumes that "clerks" refer to the position now known as "sales associate." Defendant does not presently have any retail employees with a "clerk" job title.
⁵ Dollar General also estimates that the number of lead sales associates and sales associates employed in the state of Mississippi alone (since September 1, 2007), exceeds 12,000 individuals.

**DEFENDANT DOLGENCORP, LLC'S MEMORANDUM**
<u>**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**</u> **– PAGE 3**

"shoot first and ask questions later" by making factual allegations that are not likely to have evidentiary support—and then claiming the need for discovery to gather evidence to show that the class they have already alleged to exist actually does exist.

Plaintiffs should be required to demonstrate there is evidence of sufficient cause to impose such disruption before it is ordered by the Court. Fortunately, the FLSA contains a framework for such a demonstration—found in 29 U.S.C. § 216(b). *See also, Hoffmann-La Roche,* 493 U.S. at 170 (allowing district court to permit the discovery of the names and addresses of employees after conditional certification). That framework requires Plaintiffs to move for and obtain conditional certification, then the Court can facilitate the notice, if any, that it determines to be appropriate. If Plaintiffs decide to expend their own resources by placing newspaper advertisements prior to any conditional certification, then that decision (subject to the requirements of ethical rules governing each relevant jurisdiction) does not require Court intervention or approval. There is no equitable basis for requiring Defendants to expend their resources to support Plaintiffs' counsel's efforts to stir up litigation or to improperly contact putative class members.

Additionally, Plaintiffs' stated purpose for seeking the information—determining whether others are "interested in joining"—is disingenuous. Plaintiffs' Counsel has already identified 11 individuals who were "interested in joining," and in fact they have already joined (minus one whose interest has been dismissed). If Plaintiffs canvassed 300,000 or more of Dollar General's past and present employees, they likely would find a few more of them who might be willing to join their suit. However, simply finding individuals willing to join a lawsuit is not a substitute for the well-established two-step procedure under 29 U.S.C. § 216(b), and further does not justify the onerous and premature burden that Plaintiffs seek to impose now.

**III.     CASE LAW DOES NOT SUPPORT PLAINTIFFS' REQUEST**

Although Plaintiffs cite a bevy of cases purportedly supporting a court's authority to compel production of names and addresses, the numerous and better-reasoned authorities hold that such discovery should wait until after the Court has determined that conditional certification is appropriate and is supported by sufficient evidence. *See, e.g.*, *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (holding that "discovery before step one of the two-step process is premature" and denying the plaintiffs' Motion for Leave to Conduct Limited Discovery seeking names and addresses).

Plaintiffs provide no authority for the proposition that sweeping nationwide discovery of putative class members is appropriate when supported by nothing more than the filing of a complaint that makes conclusory class allegations. As support for their proposition, Plaintiffs cite cases such as *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666 (D. Kan. 2003), in which the court compelled discovery of the identities of potential class members who: (a) worked in the <u>same store</u> that the plaintiff worked, and (b) signed the same compensation plan that the plaintiff signed. The Kansas district court did not order, as Plaintiffs seek here, the discovery of the majority of Lowe's workforce nationwide. Likewise, Plaintiffs improperly rely on *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550 (N.D. Ill. 2008), in which the court permitted discovery "but only with respect to the commissary employees at [one] facility, and not to all hourly employees." In denying a broader scope of discovery, the court noted that "Plaintiffs have not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice. It is simply premature to allow broad discovery prior to conditional class certification, given the lack of evidence demonstrating a particular need for such an expansive group." *Id. See also, Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 312-313 (D. Colo. 1998) (limiting discovery to only <u>one</u> of the defendant's 400 offices, where

**DEFENDANT DOLGENCORP, LLC'S MEMORANDUM**
<u>**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**</u> **– PAGE 5**

the "plaintiffs have presented insufficient evidence to convince [the court] that they should be allowed national discovery in order to attempt to demonstrate that plaintiffs were deprived of overtime as a result of national policy").

Plaintiffs' citation of an unpublished opinion from a California district court should also not persuade the Court to grant Plaintiffs' inapposite request here. In *Wiegele v. FedEx Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444, at *6 (S.D. Cal. Feb. 8, 2007), the district court granted a motion to compel to discovery of contact information for "approximately 250 to 500 current or former Fedex employees." The allegedly-misclassified exempt employees at issue in *Wiegele* were also limited to those employed within the state of California. *Id.* at *1. Furthermore, the California case did not concern a putative "opt-in" FLSA class, but rather a class of state law claimants seeking certification for violations of California wage and hour law under Rule 23. *Id.* at *1. For the purposes of Plaintiffs' motion, the distinction between "opt-in" FLSA actions and opt-out Rule 23 actions cannot be understated. If a Rule 23 class is <u>not</u> conditionally certified, then the parties are not left with a group of plaintiffs who have affirmatively already joined the litigation. Here, even if the Court does <u>not</u> conditionally certify Plaintiffs' claims—but if Plaintiffs' counsel is nonetheless permitted to freely solicit the entire class prior to certification—then the whole scope of litigation is at risk of being irreversibly enlarged by an unknowable order of magnitude. As a practical matter, the genie is out of the bottle before the Court has had even the slightest opportunity to determine the proper scope of the case.

Plaintiffs also correctly disclose there is no holding at the Fifth Circuit level—nor from any district court located in the Fifth Circuit—approving of national class-wide discovery before conditional certification. Yet, they seek to create this new precedent with a request for discovery

on a massive scale, despite having presented no evidence that such an undertaking is warranted at this stage. The Court should reject this baseless request.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion for Limited Discovery.

Dated: January 7, 2011.

Respectfully submitted,

DOLGENCORP, LLC

s/ Joel S. Allen
Ronald E. Manthey (admitted *Pro Hac Vice*)
Texas State Bar No. 12927400
Joel S. Allen (admitted *Pro Hac Vice*)
Texas State Bar No. 00795069
Jason R. Elliott (admitted *Pro Hac Vice*)
Texas State Bar No. 24050558
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: (214) 466-4000
Facsimile: (214) 466-4001
joel.allen@morganlewis.com
jason.elliott@morganlewis.com
ron.manthey@morganlewis.com

Brooks Eason, MSB No. 5286
Scott W. Pedigo, MSB No. 10735
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
4268 I-55 North Meadowbrook Office Park
Jackson, Mississippi 39211
beason@bakerdonelson.com
spedigo@bakerdonelson.com
Telephone: 601.969.4673
Facsimile: 601.714.9973

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been served via the Court's CM/ECF system on this 7th day of January 2011 as follows:

>Louis Watson, Jr.
>Nick Norris
>LOUIS H. WATSON, JR., P.A.
>628 North State Street
>Jackson, Mississippi 39202
>
>John L. Davidson
>DAVIDSON BOWIE, PLLC
>P.O. Box 321405
>Jackson, Mississippi 39232-1405

                                                s/Joel S. Allen

DB1/66248941.3