IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CYNTHIA WALKER, ET AL                                               PLAINTIFF

VS.                                                 CAUSE NO. 4:10-CV-119-P-S

DOLLAR GENERAL CORPORATION, ET AL                                 DEFENDANTS

## ORDER

This matter is before the court on plaintiffs' motion for leave to conduct discovery (#30). The plaintiff is seeking class discovery, specifically, the names and home addresses of all lead sales associates and clerks that have been employed by defendant in the past three years. While the plaintiff characterizes this discovery as limited, it is actually quite extensive for this stage of litigation and is premature under the Federal Rules of Civil Procedure. Additionally, while the plaintiff cites multiple cases from other districts, many of which are unpublished, they appear to be easily distinguished from the presently requested discovery.

The Court has recognized court-authorized notice to potential class members under the Fair Labor Standards Act, but this notice occurs *after* the conditional certification of a collective action by the district court. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). In *Hoffman-LaRoche*, the court recognized the necessity of trial court guidance, noting that the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice. *Id.* at 171. However, this guidance comes after the class has been conditionally certified. The plaintiff will, at that stage have an opportunity to contact potential plaintiffs. At this stage simply ordering the disclosure of names and addresses would undermine the purpose of the class certification necessary to direct the action itself.

Plaintiffs' motion is likewise premature under the Federal Rules of Civil Procedure. There has been no Rule 16(b) case management conference, nor a Rule 26(f) discovery planning conference, necessary for discovery to commence under Rule 26(d). Additionally, plaintiffs' motion appears to be styled as a motion to compel, but was filed prior to any requests for discovery propounded to the defendant, and as such failed to include a good faith certificate as required under Rule 37(a)(1).

While the motion is, for the aforementioned reasons, premature, the request is additionally very broad and burdensome, particularly at this stage. There are other means, some already employed by the plaintiffs' to solicit interest in the case, that are available. The information sought, by rough estimates, exceeds 300,000 names and addresses spread out across the country. The court is not inclined to grant such extensive discovery at this point in litigation.

While there is no controlling precedent out of the 5th Circuit, the court finds the decision in *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003), persuasive. That court citing *Hoffmann-La Roche*, noted the Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees, and adopted the two-step process employed by the Eleventh Circuit for resolving requests for conditional certification of a collective action. That is, at the first step, or notice stage, the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits. *Id*. at 695 (citing *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

Plaintiffs cite *Hammond v. Lowe's Home Ctrs., Inc.*, in which the court compelled discovery of the identities of potential class members who: (a) worked in the same store as the

plaintiff, and (b) signed the same compensation plan. *Id.* The *Hammond* discovery is far more limited than the present request. Similarly, in *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550 (N.D. Ill. 2008), the court granted a discovery request as to employees at one facility, which did not extend to all hourly employees. *Id*. at 556. The court went on to note that "Plaintiffs have not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice. It is simply premature to allow broad discovery prior to conditional class certification, given the lack of evidence demonstrating a particular need for such an expansive group." *Id*. This court also notes that the discovery dispute in *Acevedo* occurred after discovery requests had been propounded. After considering the motion and response, the court finds it is not well-taken.

IT IS, THEREFORE, ORDERED that the plaintiff's motion for discovery is hereby DENIED. Additionally, the court notes that this case has been stayed pursuant to Rule 16(b)(3) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi, including all discovery not related to the issue of jurisdiction.

SO ORDERED, This the 28th day of January, 2011.

/s/David A. Sanders
United States Magistrate Judge